**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10886

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHNATHAN GAINES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:00-cr-00316-SDM-AAS-2

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit Judges.

PER CURIAM:

Johnathan Gaines appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argues that the

district court abused its discretion in weighing the statutory sentencing factors. *Id.* § 3553(a). Because the district court did not abuse its discretion, we affirm.

## I. BACKGROUND

Gaines is serving a 711-month sentence for committing three armed robberies in 2000, brandishing a firearm during the commission of one of those robberies, and discharging a firearm during another. At the time of his conviction, he received a 25-year mandatory minimum sentence for discharging a firearm. He moved for compassionate release in 2020 and argued that, under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), he would not have received a 25-year mandatory minimum sentence and that the disparity between his sentence and his co-defendants' sentences qualified as extraordinary and compelling grounds for a sentence reduction. The district court denied his motion and ruled that the First Step Act was not retroactive and the statutory sentencing factors did not support a sentence reduction.

Gaines filed the instant motion for compassionate release in 2024. He again argued that had he been sentenced under the First Step Act, he would not have received a 25-year mandatory minimum sentence. He also argued that the statutory sentencing factors supported a sentence reduction. The district court again denied his motion. It ruled that the First Step Act was not retroactive and that the statutory sentencing factors did not support a sentence reduction. In support of its latter ruling, the district court found that Gaines had "an extensive and violent criminal history that

included attempted murder, attempted sexual battery, false imprisonment, robbery, and burglary." It also found that he had committed the three robberies in 2000 "while on probation for attempted second-degree murder." Based on these findings, it concluded that his "persistent, brazen, and [flagrant] criminal history and severity of his crimes," confirmed that, if released, he would be a "danger to the public."

## II. STANDARD OF REVIEW

We review the denial of an eligible prisoner's motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures, makes findings of fact that are clearly erroneous, or commits a clear error of judgment. *Id.* at 911-12.

## III. DISCUSSION

A district court may grant compassionate release if the statutory sentencing factors, 18 U.S.C. § 3553(a), favor doing so; there are extraordinary and compelling reasons for release; and release is consistent with the applicable policy statement under the Sentencing Guidelines, U.S.S.G. § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The absence of even one condition forecloses a sentence reduction. *Id.* at 1237-38.

The weight given to each statutory sentencing factor is "committed to the sound discretion of the district court." *Id.* at 1241 (citation and internal quotation marks omitted). The district court need not explicitly address each factor or all the mitigating

evidence. *Id*. Instead, a district court's acknowledgment that it considered the statutory sentencing factors will suffice. *Id*.

The district court did not abuse its discretion in denying Gaines's motion based on the statutory sentencing factors. *See* 18 U.S.C. § 3553(a). Gaines argues that the district court considered only his criminal history and the danger he would pose if released, and that it did not consider what his present guideline range would be, the need to avoid unwarranted sentencing disparities, and his post-sentence rehabilitation. But the district court did not need to explicitly address each statutory sentencing factor. *Tinker*, 14 F.4th at 1241. And the district court reasonably gave substantial weight to Gaines's criminal history. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015) ("Placing substantial weight on a defendant's criminal record is entirely consistent with [the statutory sentencing factors] because five of the factors [a court must consider] are related to criminal history."). Based on the record, we cannot say that the district court made a clear error of judgment in denying Gaines's motion. *Harris*, 989 F.3d at 912.

## IV. CONCLUSION

We **AFFIRM** the denial of Gaines's motion.